**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2012

No. 11-20576

Lyle W. Cayce
Clerk

CARRIE ROUSE,

Plaintiff-Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL
DIVISION; TERRI MOSLEY; CAPTAIN DELITA JONES; SERGEANT
SHERRI JOHNSON; BRAD LIVINGSTON,

Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Texas
U.S.D.C. No. 4-10-CV-3847

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carrie Rouse, a correctional officer at Texas Department of Criminal
Justice, brought this action under § 1983 against the Executive Director of TDCJ
and three co-employees. She asserted that the defendants violated her Fourth
Amendment rights to be free from unreasonable searches and seizures when she
was subjected to a partial strip search after the metal detectors sounded as she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20576

entered the prison. For reasons stated below, we conclude that the district court correctly held that the defendants had reasonable suspicion the plaintiff had a cell phone or another prohibited metal device that justified the search.

I.

The TDCJ instituted a revised metal detector and search policy for prison employees in February 2010, primarily to curb the introduction of cell phones to inmates. Under this new policy, employees who screened correctional officers and other staff who had access to the prison population were required to investigate and determine the reason for all metal detector alarms. If the general walk through detector sounded an alarm, the screening officials were instructed to use the hand held detector to clear the alarm. If this did not determine the source of the alarm, the officers were required to have an officer of the same gender take the employee into a restroom and conduct a partial strip search to clear the employee for admittance.

Appellant wore an underwire bra that almost invariably triggered the alarm. On most occasions, the prison staff followed procedure and used a hand held metal detector to determine the source of the alarm. The hand held detector alerted when held in front of the bra over her breasts. Consistent with the search procedures, on each occasion appellant set off the metal detector, she was escorted to a women's restroom for an additional search. When these searches were conducted, appellant's breasts were exposed to some extent. Appellant was ordinarily directed to loosen her bra, partially remove it and shake it so that the officer conducting the search could satisfy herself that no cell phone was hidden. The searches were conducted by defendants Johnson, Jones and Mosley.

Cross motions for summary judgment were filed and the district court granted the defendants' motions and denied the plaintiff's motion on grounds

No. 11-20576

that the actions of the defendants did not violate appellant's Fourth Amendment rights.

## II.

Essentially for the reasons stated by the district court in its thorough memorandum and order of August 2, 2011, we agree that the actions of the defendants did not violate plaintiff's Fourth Amendment rights and affirm the judgment of the district court.

First, we agree with the district court that the prison officials were required to have reasonable suspicion that appellant was carrying contraband in order to justify the partial strip search of the plaintiff. Where visitors to the prison will be exposed to prison inmates, we have stated that "[t]o justify the stip search of a particular visitor under the reasonable suspicion standard, prison officials must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experience." *Thorne v. Jones*, 765 F.2d 1270, 1277 (5th Cir. 1985). The standard requires "individualized suspicion" specifically directed to the person who is targeted for the strip search. *Varrone v. Bilotti*, 123 F.3d 75, 79 (2nd Cir. 1997). At least three circuits have held that reasonable suspicion is the appropriate standard for the partial strip search of prison staff. *Leverette v. Bell*, 247 F.3d 160 (4th Cir. 2001); *McDonnell v. Hunter*, 809 F.2d 1302 (8th Cir. 1987); *Security and Law Enforcement Employees, District Council 82 v. Carey*, 737 F.2d 187 (2nd Cir. 1984). The appellant does not challenge the district court's conclusion that this is the appropriate legal standard.

We also agree that when appellant triggered the metal detectors, the prison officials had reasonable suspicion and were entitled to conduct the partial strip search. Under the facts recited above, the prison officials had the "individualized suspicion" of appellant to justify the partial strip search. First, prison officials were specifically searching for metallic cell phones and the metal

No. 11-20576

detector would detect such contraband; second, the alert by the metal detectors is an objective fact individualized and specific to appellant giving rise to reasonable suspicion that she had something metal on her person and, when confirmed by use of the hand held metal detector, in the area of her bra. The fact that she triggered the metal detector almost daily and it was well known that she wore an underwire bra would not prevent the agency from conducting a visual inspection. The officials were entitled to consider that this could be a ruse to avoid discovery of cell phones. Further, the apparent failure of prison officials to consistently use the hand held metal detector to confirm that the alert came from her bra area does not undermine the reasonable suspicion created by the alert from the walk through detector.

## III.

In sum, for the reasons stated above and those stated in the district court's thorough memorandum and order, we affirm the judgment of the district court.

AFFIRMED.